FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 22, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>JAMES P. LEBLANC,<br><br>                Defendant. | No. 2:22-CR-00149-MKD<br><br>ORDER DENYING DEFENDANT'S CONSTRUED MOTION FOR SENTENCE REDUCTION UNDER AMENDMENT 821 TO THE SENTENCING GUIDELINES<br><br>**ECF No. 61** |

Before the Court is Defendant's motion for "[a]n adjustment on sentencing guidelines," contending that his guidelines range should be reduced under "2023 Federal Sentencing guideline Part-A of Amendment 821." ECF No. 61 at 4, 12. Although Defendant has used a form designed for 28 U.S.C. § 2255 motions, he is plainly seeking a sentence reduction under Amendment 821 to the U.S. Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). The Court construes the motion accordingly.

Defendant requests that his sentence be reduced on the ground that he received two status points for having committed the offense while under "active

ORDER - 1

probation/supervised release" and was not aware of Amendment 821 at the time he was sentenced. ECF No. 61 at 3-6, 12.

Amendment 821, which took effect in November 2023, applies retroactively and authorizes sentence reductions for two categories of criminal defendants: (1) those who received "additional criminal history points" (or "status points") because they "committed the instant offense while under a criminal justice sentence," and (2) those "who did not receive any criminal history points" in their guidelines calculation at sentencing and "whose instant offense did not involve specified aggravating factors." *See* USSG § 1B1.10 cmt. n.7.

Before Amendment 821 Part A, USSG § 4A1.1(e) provided that a defendant would receive two additional criminal history points if he or she committed the current offense while under a criminal justice sentence. *See* U.S. Sent'g Comm'n, *2023 Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index* at 43-44 (May 2023). Amendment 821 Part A modified USSG § 4A1.1(e) to provide the following calculation for status points:

> **(e)** Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

Defendant was sentenced on January 3, 2024. ECF No. 53. As set forth in the presentence investigation report (PSR), Defendant had a criminal history score

ORDER - 2

subtotal of 7 points under USSG § 4A1.1(a) through (d).  ECF No. 57 at 16 ¶¶ 103-104.  Because he committed the offense in this case while under a criminal justice sentence, he received one status point, resulting in a total criminal history score of 8 and placing him in Criminal History Category (CHC) IV.[1]  *Id.* at 16 ¶ 105.  The Court reached the same calculation at sentencing.  *See* ECF No. 56 at 1 ("Criminal History Category: IV").  In other words, Defendant has already received all the relief to which he is entitled under Amendment 821 Part A.

Defendant also does not qualify for Amendment 821 Part B, which requires, among other things, that the defendant have had zero criminal history points.  *See* USSG § 4C1.1(a)(1).  Defendant does not meet this requirement.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's construed Motion for Sentence Reduction Under Amendment 821 to the Sentencing Guidelines, **ECF No. 61**, is **DENIED**.

---

[1] As an aside, Amendment 821 Part A ultimately did not affect Defendant's guidelines range, because he would have still fallen within CHC IV had he received two status points instead of one, for a total of 9 criminal history points.  *See* USSG ch. 5 part A (2023) (criminal history scores of 7, 8, or 9 fall within CHC IV).  He also would still have fallen within CHC IV had he received no status points at all, for a total of 7 criminal history points.

ORDER - 3

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to the United States, Defendant, and the U.S. Probation Office.

DATED January 22, 2025.

<u>*s/Mary K. Dimke*</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 4